# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GOLDEN STAR, INC., | ) | |
| Plan Administrator of the Golden Star | ) | |
| Administrative Associates' 401(k) Plan and | ) | |
| Golden Star Bargaining Associates' 401(k) | ) | Case No. 3:11-CV-30235-MAP |
| Plan, on Behalf of Itself and All Others | ) | |
| Similarly Situated, | ) | Hon. Michael A. Ponsor |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASS MUTUAL LIFE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its undersigned attorneys, hereby answers the Class Action Complaint ("Complaint") of Plaintiff Golden Star Inc., the Plan Administrator of the Golden Star Administrative Associates' 401(k) Plan and Golden Star Bargaining Associates' 401(k) Plan ("Plaintiff" or "GSI") as follows:

## I. INTRODUCTION[1]

**ANSWER TO PARAGRAPH 1:** MassMutual admits it has entered into agreements with certain mutual fund companies to provide various services in exchange for payment. The terms of MassMutual's relationship with these mutual fund companies are governed by the agreements, which are documents that speak for themselves. MassMutual denies the remaining allegations in Paragraph 1.

---

[1] MassMutual restates the headings within the Complaint solely for the convenience of the reader and denies any factual allegations and legal conclusions that may be included or implied in the headings.

**ANSWER TO PARAGRAPH 2:**   MassMutual denies the allegations in Paragraph 2.

**ANSWER TO PARAGRAPH 3:**   MassMutual denies the allegations in Paragraph 3.

**ANSWER TO PARAGRAPH 4:**   MassMutual admits that the payments it receives pursuant to its agreements with mutual funds are generally calculated as a percentage of assets. MassMutual denies the remaining allegations in Paragraph 4.

**ANSWER TO PARAGRAPH 5:**   MassMutual denies the allegations of this paragraph to the extent that it is describing the payments received by MassMutual from mutual fund companies.  MassMutual lacks sufficient information to form a belief regarding the payment received by other unidentified service providers.

**ANSWER TO PARAGRAPH 6:**   MassMutual denies the allegations in Paragraph 6.

**ANSWER TO PARAGRAPH 7:**   MassMutual denies the allegations in Paragraph 7.

**ANSWER TO PARAGRAPH 8:**   MassMutual denies the allegations in Paragraph 8 relating to the "Separate Accounts."  The remaining allegations of this paragraph concern claims that were voluntarily dismissed by stipulation dated February 9, 2012 (hereinafter, the "Dismissed Claims") and therefore no response is required.

**ANSWER TO PARAGRAPH 9:**   MassMutual admits that Plaintiff purports to seek the relief described in Paragraph 9, but denies that Plaintiff is entitled to any such relief; denies that the case may properly be certified as a class action; denies that any member of the putative class is entitled to any relief; and denies all remaining allegations in Paragraph 9.

**ANSWER TO PARAGRAPH 10:**   MassMutual admits that Plaintiff purports to seek the relief described in Paragraph 10, but denies that Plaintiff is entitled to any such relief; denies that the case may properly be certified as a class action; denies that any member of the putative class is entitled to any relief; and denies all remaining allegations in Paragraph 10.

## II.  THE PARTIES

**ANSWER TO PARAGRAPH 11:**  Upon information and belief, MassMutual admits the allegations in Paragraph 11.

**ANSWER TO PARAGRAPH 12:**  MassMutual admits that it maintains its principal place of business and headquarters at 1295 State Street, Springfield, Massachusetts 01111. MassMutual denies the remaining allegations in Paragraph 12.

## III.  JURISDICTION AND VENUE

**ANSWER TO PARAGRAPH 13:**  MassMutual admits that Plaintiff purports to seek the relief described in Paragraph 13, but denies that Plaintiff is entitled to any such relief; denies that this case may properly be certified as a class action; denies that any member of the putative class is entitled to any relief; and denies the remaining allegations in Paragraph 13.

**ANSWER TO PARAGRAPH 14:**  MassMutual admits the allegations in Paragraph 14.

**ANSWER TO PARAGRAPH 15:**  MassMutual admits that it maintains its principal place of business and headquarters in 1295 State Street, Springfield, Massachusetts 01111, and that venue is proper in this district.

**ANSWER TO PARAGRAPH 16:**  MassMutual admits that its retirement business is primarily located in Springfield, Massachusetts.  MassMutual denies the remaining allegations in Paragraph 16.

## IV.  BACKGROUND FACTS

**A.      The Services That MassMutual Provides To the Plans**

**ANSWER TO PARAGRAPH 17**:  As to the first sentence, MassMutual admits that it markets itself to potential plan customers as providing retirement plan services. As to the second sentence, MassMutual admits that the allegations in Paragraph 17 quote from a portion of a

MassMutual website page, but not the website page listed in this paragraph.  MassMutual denies the remaining allegations in Paragraph 17.

**ANSWER TO PARAGRAPH 18:** MassMutual admits that the allegations in Paragraph 18 quote from a portion of the website pages located at http://www.massmutual.com/retire/participants and http://www.massmutual.com/retire/plansponsors.  The websites speaks for themselves and MassMutual denies any allegations that conflict with or contradict the contents of those websites. MassMutual denies the remaining allegations in Paragraph 18.

**ANSWER TO PARAGRAPH 19:** MassMutual admits that it provides retirement services to its retirement plan customers.  MassMutual denies the remaining allegations in Paragraph 19.

**ANSWER TO PARAGRAPH 20:**  MassMutual admits certain participant contributions are invested through Separate Accounts (as defined by Plaintiff) and that MassMutual includes those amounts in its description of its assets under management.  MassMutual denies the remaining allegations in Paragraph 20.

**ANSWER TO PARAGRAPH 21:**  MassMutual admits that it has products that serve retirement plans across different markets and of all sizes, including the GSI Plans, and that it provides employers a full range of services to offer retirement benefits to their employees. MassMutual denies the remaining allegations in Paragraph 21.

**ANSWER TO PARAGRAPH 22:**  As to the first sentence, MassMutual admits that it has in the past made a profit from its retirement plan business.  As to the second sentence, MassMutual admits that the allegations in Paragraph 22 quote from a portion of MassMutual's 2010 Annual Report.  The report speaks for itself and MassMutual denies any allegations that conflict with or contradict the contents of the report.  As to the third sentence, MassMutual admits only that it provides retirement plan services to approximately 7,500 retirement plans. MassMutual denies the remaining allegations in Paragraph 22.

**ANSWER TO PARAGRAPH 23:**  MassMutual admits that, pursuant to agreements between MassMutual and its retirement plan customers, MassMutual provides a variety of services, including the services listed in Paragraph 23.  The specific services MassMutual provides to its customers are set forth in agreements between MassMutual and its customers and vary from plan to plan.

**ANSWER TO PARAGRAPH 24:**  As to the last sentence, MassMutual admits the allegations of Paragraph 24.  MassMutual admits that the remaining allegations in Paragraph 24 are taken verbatim from a MassMutual website page that can be found at http://www.massmutual.com/productssolutions/ businessesorganizations/producttype/definedcontribution. The website speaks for itself and MassMutual denies any allegations that conflict with or contradict the contents of that website.

**B.    The Agreements Between The Plans And MassMutual And The Retirement Investments Provided Under Those Agreements**

**ANSWER TO PARAGRAPH 25:**  MassMutual admits that it entered into a Group Annuity Contract with Plaintiff effective July 1, 1999 (Contract No. RMAP 80864), and that it entered into other group annuity contracts with other plan customers at other times, but that the

terms of these contracts have differed over time.  MassMutual denies the remaining allegations in Paragraph 25.

**ANSWER TO PARAGRAPH 26:**  MassMutual admits that the contract it entered into with Plaintiff permits the GSI Plans to invest in various investment options, and that the contracts it enters into with other plan customers also allow plans to invest in various investment options.  MassMutual denies the remaining allegations in Paragraph 26.

**ANSWER TO PARAGRAPH 27:**  As to subparagraphs (a) and (b), those allegations concern only the Dismissed Claims, and therefore no response is required.  As to subparagraph (c), MassMutual admits that the GSI Plans' monies are invested in insurance company separate accounts.  MassMutual further admits that it is the owner of the assets of the separate accounts, that such separate accounts are created under state law, that separate accounts are not charged with the liabilities of MassMutual, and that some separate accounts buy shares of mutual funds at the direction of plan sponsors.  MassMutual denies the remaining allegations in Paragraph 27.

**ANSWER TO PARAGRAPH 28:**  MassMutual admits that plans and participants who choose to invest through the Separate Accounts neither purchase nor own the shares of the account's underlying mutual funds, but instead own units in the separate accounts.  As to the allegations concerning the Fixed Account, that is part of the Dismissed Claims and therefore no response is required.  MassMutual denies the remaining allegations in Paragraph 28.

**ANSWER TO PARAGRAPH 29:**  MassMutual admits that it creates the separate accounts, that it is the owner of the assets of the separate account, and that those assets are segregated from the general assets of MassMutual.  MassMutual denies the remaining allegations in Paragraph 29.

**ANSWER TO PARAGRAPH 30**:  As to the first, third, and fourth sentences, admitted. As to the second sentence, MassMutual admits that a group annuity contract can provide for both general account and separate account  investments, but that it does not necessarily do so.  As to the fifth sentence, MassMutual admits that the assets in separate accounts are segregated from MassMutual's general assets.   As to the sixth sentence, MassMutual admits that separate accounts assets can be invested in mutual funds.  MassMutual denies the remaining allegations in Paragraph 30.

**ANSWER TO PARAGRAPH 31:**  MassMutual denies the allegations in Paragraph 31.

**ANSWER TO PARAGRAPH 32:**  MassMutual admits that a plan's interest in a separate account is represented in units, and that the value of a unit is determined by the market value of the assets in the separate account divided by the number of units.  MassMutual denies the remaining allegations in Paragraph 32.

**ANSWER TO PARAGRAPH 33:**  MassMutual admits that a plan's interest in a separate account is represented in units, and that the value of a unit is determined by the market value of the assets in the separate account divided by the number of units.  MassMutual denies the remaining allegations in Paragraph 33.

**ANSWER TO PARAGRAPH 34:**  MassMutual admits that it owns the separate accounts assets.  MassMutual denies the remaining allegations in Paragraph 34.

**ANSWER TO PARAGRAPH 35:**  MassMutual admits that a plan's interest in a separate account is represented in units.   MassMutual denies the remaining allegations in Paragraph 35.

**ANSWER TO PARAGRAPH 36:**  MassMutual denies the allegations in Paragraph 36.

**ANSWER TO PARAGRAPH 37**:  MassMutual admits that the value of the Separate Account units fluctuate based upon the market value of the Separate Account's underlying holdings.  MassMutual denies the remaining allegations in Paragraph 37.

**ANSWER TO PARAGRAPH 38**:  MassMutual admits that it provides various administrative services with respect to the separate accounts.  MassMutual denies the remaining allegations in Paragraph 38.

**ANSWER TO PARAGRAPH 39**:  MassMutual denies the allegations in Paragraph 39.

**ANSWER TO PARAGRAPH 40**:  MassMutual denies the allegations in Paragraph 40.

**ANSWER TO PARAGRAPH 41**:  MassMutual denies the allegations in Paragraph 41.

**ANSWER TO PARAGRAPH 42**:  These allegations relate to the Dismissed Claims, and therefore no response is required.  To the extent any response is required, MassMutual denies the allegations in Paragraph 42.

**ANSWER TO PARAGRAPH 43**:  MassMutual denies the allegations in Paragraph 43.

**ANSWER TO PARAGRAPH 44**:  MassMutual admits that it owns the assets of the separate accounts and that certain separate accounts invest in mutual funds.  MassMutual denies the remaining allegations in Paragraph 44.

**ANSWER TO PARAGRAPH 45**:  MassMutual denies the allegations in Paragraph 45.

**ANSWER TO PARAGRAPH 46**:  As to the first sentence, MassMutual admits that it owns the assets in the separate accounts.  As to the third sentence, MassMutual's ability to affect the available investment options offered to its customers is governed by the terms of its contract with the plans, the terms of which speak for themselves.  As to the fourth sentence, MassMutual admits that it has reserved the right to create new separate accounts; invest the assets of the separate accounts in securities other than mutual funds; substitute mutual funds within a separate

account; delete separate accounts or close separate accounts to new investment; and change the names of the separate accounts.  MassMutual denies the remaining allegations in Paragraph 46.

**ANSWER TO PARAGRAPH 47:**  MassMutual's ability to affect the available investment options offered to its customers is governed by the terms of its contract with plans, the terms of which speak for themselves.  MassMutual denies the remaining allegations in Paragraph 47.

**ANSWER TO PARAGRAPH 48:**  MassMutual denies the allegations in Paragraph 48.

**ANSWER TO PARAGRAPH 49:**  With respect to third and fourth sentences, these allegations relate to the Dismissed Claims and therefore no response is required.  MassMutual denies the remaining allegations in Paragraph 49.

**ANSWER TO PARAGRAPH 50:**  As to the allegations concerning the Fixed Account and GAA, those are part of the Dismissed Claims and therefore no response is required.  MassMutual admits that there are fees associated with the investments in the separate accounts.  MassMutual denies the remaining allegations in Paragraph 50.

**ANSWER TO PARAGRAPH 51:**  MassMutual admits that its contracts with the GSI plans obligate those plans to pay certain agreed-upon fees.  MassMutual denies the remaining allegations in Paragraph 51.

**ANSWER TO PARAGRAPH 52:**  MassMutual admits that its group annuity contract with the GSI plans does not contain any express reference to the fact that certain mutual funds make payments to MassMutual in exchange for services.  MassMutual denies the remaining allegations in Paragraph 52.

**C.     The Plans**

**ANSWER TO PARAGRAPH 53:**  On information and belief, MassMutual admits the allegations in Paragraph 53.

**ANSWER TO PARAGRAPH 54:**  MassMutual admits that the GSI Plans' participants are permitted to select from various investment options selected by the GSI Plans' fiduciaries. MassMutual denies the remaining allegations in Paragraph 54.

**ANSWER TO PARAGRAPH 55:**  MassMutual admits that it does not intend to contest that the putative class satisfies the numerosity requirement, but denies the remaining allegations in Paragraph 55.

**D.    The Relationship Between and Among Class Members, MassMutual and The Mutual Funds**

**ANSWER TO PARAGRAPH 56:**  As to the first sentence, MassMutual admits that it provides certain retirement services to its qualified ERISA retirement plans, and that those services vary from plan to plan.  As to the second sentence, MassMutual admits that it has agents that solicit new plan business and receive commissions for obtaining such business, but that the sales pitches made by these agents varies from agent to agent.  MassMutual denies the remaining allegations in Paragraph 56.

**ANSWER TO PARAGRAPH 57:**  MassMutual admits the allegations in Paragraph 57.

**ANSWER TO PARAGRAPH 58:**  MassMutual admits that it provides various services to its plan customers pursuant to the terms of written agreements, but that the services provided vary from plan to plan.  MassMutual denies the remaining allegations in Paragraph 58.

**ANSWER TO PARAGRAPH 59:**  MassMutual admits that it has communications with its retirement plan customers and/or their advisors about fees and expenses, but that these communications vary from plan to plan.  MassMutual denies the remaining allegations in Paragraph 59.

**ANSWER TO PARAGRAPH 60:**  As to the first four sentences, MassMutual admits the allegations in Paragraph 60.  MassMutual denies the remaining allegations in Paragraph 60.

10

**ANSWER TO PARAGRAPH 61:**  MassMutual admits that certain of its products are offered through group annuity contracts or similar agreements and that some of the investments offered in those products have been managed by entities affiliated with MassMutual. MassMutual denies the remaining allegations in Paragraph 61.

**ANSWER TO PARAGRAPH 62:**  MassMutual admits that it creates and maintains an overall menu of investment options from which its plan customers may choose a smaller set of investment options to offer to plan participants and that MassMutual periodically reviews the investment options on its overall menu.  MassMutual's ability to affect the available investment options offered to its customers is governed by the terms of its contract with the plans, the terms of which speak for themselves.  MassMutual denies the remaining allegations in Paragraph 62.

**ANSWER TO PARAGRAPH 63:**  As to the second sentence, MassMutual admits that it has at times added and/or deleted separate accounts from its overall menu of investment options available to plans.  MassMutual denies the remaining allegations in Paragraph 63.

**ANSWER TO PARAGRAPH 64:**  MassMutual denies the allegations in Paragraph 64.

**ANSWER TO PARAGRAPH 65:**  Assuming these allegations relate to the menu of investment options chosen by a plan sponsor, MassMutual denies the allegations in Paragraph 65.

**ANSWER TO PARAGRAPH 66:**  MassMutual denies the allegations in Paragraph 66.

**ANSWER TO PARAGRAPH 67:**  MassMutual admits that it offers products with a wide array of investment options from which Plan sponsors can choose.  MassMutual denies the remaining allegations in Paragraph 67.

**ANSWER TO PARAGRAPH 68:**  MassMutual admits that mutual fund companies establish expense ratios for each of their mutual funds, that the composition of the expense ratio

is disclosed in publicly-available prospectuses, and that such disclosures vary among mutual funds.  MassMutual denies the remaining allegations in Paragraph 68.

 **ANSWER TO PARAGRAPH 69**:  MassMutual denies the allegations in Paragraph 69.

 **ANSWER TO PARAGRAPH 70**:  MassMutual denies the allegations in Paragraph 70.

 **ANSWER TO PARAGRAPH 71**:  MassMutual denies the allegations in Paragraph 71.

 **ANSWER TO PARAGRAPH 72**:  MassMutual denies the allegations in Paragraph 72.

 **ANSWER TO PARAGRAPH 73**:  MassMutual denies the allegations in Paragraph 73.

 **ANSWER TO PARAGRAPH 74**:  MassMutual denies the allegations in Paragraph 74.

E. **The Revenue Sharing Scheme**

 **ANSWER TO PARAGRAPH 75**:  MassMutual admits that it markets its retirement plan services to companies with 401(k) plans.  MassMutual denies the remaining allegations in Paragraph 75.

 **ANSWER TO PARAGRAPH 76**:  MassMutual admits that many mutual funds make payments to MassMutual for services that MassMutual performs.  MassMutual denies the remaining allegations in Paragraph 76.

 **ANSWER TO PARAGRAPH 77**:  MassMutual denies the allegations in Paragraph 77.

 **ANSWER TO PARAGRAPH 78**:  MassMutual admits that it enters into written agreements with mutual fund companies and that those agreements specify the amount of compensation paid to MassMutual.  MassMutual denies the remaining allegations in Paragraph 78.

 **ANSWER TO PARAGRAPH 79**:  MassMutual admits that it may receive various forms of compensation from mutual fund companies pursuant to written agreements, and that such compensation is usually based on a percentage of assets invested with the mutual fund company.   MassMutual denies the remaining allegations in Paragraph 79.

**ANSWER TO PARAGRAPH 80:**  MassMutual denies the allegations in Paragraph 80.

**ANSWER TO PARAGRAPH 81:**  MassMutual admits the allegations in the first sentence of Paragraph 81.  MassMutual denies the remaining allegations in Paragraph 81.

**ANSWER TO PARAGRAPH 82:**  MassMutual denies the allegations in Paragraph 82.

**ANSWER TO PARAGRAPH 83:**  MassMutual denies the allegations in Paragraph 83.

F.   **MassMutual Also Improperly Earns Income On The Fixed Account, GAA And Separate Accounts Through Its Conflicted Arrangements And Self-Dealing**

**ANSWER TO PARAGRAPH 84:** The allegations of Paragraph 84 relate to the Dismissed Claims, and therefore no response is required. To the extent any response is required, MassMutual denies the allegations in Paragraph 84.

**ANSWER TO PARAGRAPH 85:**  MassMutual denies the allegations in Paragraph 85.

## V.  CLASS ACTION ALLEGATIONS

**ANSWER TO PARAGRAPH 86:**  MassMutual admits that Plaintiff purports to bring a class action on behalf of the class described in Paragraph 86, but denies that Plaintiff and the proposed class satisfy the requirements for class certification.  MassMutual denies the remaining allegations in Paragraph 86.

**ANSWER TO PARAGRAPH 87:**  MassMutual denies the allegations in Paragraph 87.

**ANSWER TO PARAGRAPH 88:**  MassMutual admits that the putative class as defined in Paragraph 86 satisfies the numerosity requirement.

**ANSWER TO PARAGRAPH 89:**  MassMutual denies the allegations in Paragraph 89.

**ANSWER TO PARAGRAPH 90:**  MassMutual denies the allegations in Paragraph 90.

**ANSWER TO PARAGRAPH 91:**  MassMutual is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

**ANSWER TO PARAGRAPH 92:**  MassMutual denies the allegations in Paragraph 92.

**ANSWER TO PARAGRAPH 93:**  MassMutual denies the allegations in Paragraph 93.

**ANSWER TO PARAGRAPH 94:**  MassMutual denies the allegations in Paragraph 94.

**ANSWER TO PARAGRAPH 95:**  MassMutual denies the allegations in Paragraph 95.

## COUNT I

### (For Breach Of Fiduciary Duty)

**ANSWER TO PARAGRAPH 96:**  MassMutual incorporates by reference its answers to Paragraphs 1 through 95 above.

**ANSWER TO PARAGRAPH 97:**  MassMutual denies the allegations in Paragraph 97.

**ANSWER TO PARAGRAPH 98:**  MassMutual admits that it selects the overall menu of investment options that are made available to plan customers, but that plan sponsors choose which investment options will be made available to plan participants.  MassMutual denies the remaining allegations in Paragraph 98.

**ANSWER TO PARAGRAPH 99:**   MassMutual denies that it is a fiduciary of the Plans, and denies the remaining allegations in Paragraph 99.

**ANSWER TO PARAGRAPH 100:** MassMutual denies the allegations in Paragraph 100.

**ANSWER TO PARAGRAPH 101:** MassMutual denies the allegations in Paragraph 101.

**ANSWER TO PARAGRAPH 102:** MassMutual denies the allegations in Paragraph 102.

**ANSWER TO PARAGRAPH 103:**  MassMutual denies the allegations in Paragraph 103.

**ANSWER TO PARAGRAPH 104:** MassMutual denies the allegations in Paragraph 104.

**ANSWER TO PARAGRAPH 105:** MassMutual denies the allegations in Paragraph 105.

## COUNT II

**(For Breach Of Fiduciary Duty And Violation Of ERISA's Prohibited Transaction Rules)**

**ANSWER TO PARAGRAPH 106:** MassMutual incorporates by reference its answers to Paragraphs 1 through 105.

**ANSWER TO PARAGRAPH 107:** MassMutual denies the allegations in Paragraph 107.

**ANSWER TO PARAGRAPH 108:** MassMutual denies the allegations in Paragraph 108.

**ANSWER TO PARAGRAPH 109:** MassMutual denies the allegations in Paragraph 109.

**ANSWER TO PARAGRAPH 110:** MassMutual denies that Plaintiff and/or the putative class are entitled to any relief whatsoever, and denies the allegations in Paragraph 110.

**ANSWER TO PARAGRAPH 111:** MassMutual admits that the putative class seeks the relief described in Paragraph 111, but denies that Plaintiff and the purported class are entitled to the relief requested. MassMutual denies the remaining allegations in Paragraph 111.

## COUNT III

**(For Co-Fiduciary Breach And Liability For Knowing Breach Of Trust)**

**ANSWER TO PARAGRAPH 112:** MassMutual incorporates by reference its answers to Paragraphs 1 through 111.

**ANSWER TO PARAGRAPH 113:** MassMutual denies the allegations in Paragraph 113.

## AFFIRMATIVE AND OTHERS DEFENSES[2]

### First Affirmative Defense

The Complaint fails to state a claim against MassMutual upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrines of unclean hands, waiver, estoppel, laches, consent, ratification, or release.

### Third Affirmative Defense

Plaintiff consented to the fees at issue after it knew or should have known of their existence; therefore, Plaintiff cannot obtain any relief on account of the payment of those fees.

### Fourth Affirmative Defense

Count III is barred in whole or in part because it is preempted by ERISA or SLUSA (the Securities Litigation Uniform Standards Act of 1998).

### Fifth Affirmative Defense

Count II is barred in whole or in party by ERISA § 408(b)(2), 29 U.S.C. § 1108(b)(2) and ERISA § 408(c)(2), 29 U.S.C. § 1108(c)(2).

### Sixth Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part or are subject to offset to the extent that the conduct complained of conferred a benefit upon Plaintiff or (to the extent a class is certified) any member of the class.

### Seventh Affirmative Defense

---

[2]By listing a defense as an affirmative or other defense, MassMutual does not concede or admit that it bears the burden of proof with regard to such defense.

Some or all of Plaintiff's claims are barred under ERISA § 404(c), 29 U.S. C. § 1104(A)(1), which establishes a "safe harbor" where a plan permits the participant to exercise control over assets. *See Hecker v. Deere & Co.*, 556 F.3d 575, 578 (7th Cir. 2009).

Plaintiff's claims that MassMutual breached its alleged fiduciary duties are barred by the safe harbor defense of Section 404(c). First, individual participants have control over the investments in their individual accounts  Second, participants (and plans) enjoy a broad range of investment alternatives. Third, MassMutual and mutual fund providers provide sufficient information about available investments.

### Eighth Affirmative Defense

Plaintiff failed to mitigate its damages, if any, by among other things continuing to engage MassMutual as its service provider for years after Plaintiff knew or should have known of MassMutual's receipt of what Plaintiff characterizes as revenue sharing payments. Any recovery by Plaintiff must be reduced by the amount of damages that Plaintiff failed to mitigate.

### Ninth Affirmative Defense

To the extent that the harm allegedly suffered by Plaintiff was caused by Plaintiff or any third party, recovery should be barred in whole or in part.

### Tenth Affirmative Defense

Plaintiff's allege that this action may be maintained as a class action, but Plaintiff and the proposed class cannot satisfy the requirements under Rule 23 for class certification.

Defendant reserves the right to amend and/or supplement this Answer and these Affirmative Defenses in light of further discovery and investigation in this matter.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant MassMutual respectfully requests that this Court enter judgment dismissing Plaintiff's Complaint in its

entirely with prejudice and award MassMutual its reasonable attorney's fees and costs in defending this matter.

Respectfully submitted,

/s/ Mark B. Blocker
John P. Pucci, BBO #407560
E-mail:  jpucci@bulkley.com
J. Lizette Richards, BBO #649413
E-mail:  lrichards@bulkley.com
BULKLEY, RICHARDSON, AND GELINAS, LLP
1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA  01115
Phone:  (413) 272-6290
Fax:      (413) 272-6804

Joel S. Feldman (*pro hac vice*)
Mark B. Blocker (*pro hac vice*)
Marcus A. Augustine (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Phone:  (312) 853-7000
Fax:      (312) 853-7036
E-mail:  jfeldman@sidley.com
                mblocker@sidley.com
                maugustine@sidley.com

Bernadette Harrigan, BBO #635103
E-mail:  bharrigan@massmutual.com
Massachusetts Mutual Life Insurance Co.
Office of the General Counsel
1295 State Street
Springfield, MA  01111-0001
Phone:  (413) 788-8411

ATTORNEYS FOR MASSMUTUAL LIFE
INSURANCE CO.

Dated:  May 11, 2012

## CERTIFICATE OF SERVICE

I, Mark B. Blocker, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 11, 2012.

/s/ Mark B. Blocker
Mark B. Blocker