UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GOLDEN STAR, INC., Plan Administrator of the Golden Star Administrative Associates' 401(k) Plan and Golden Star Bargaining Associates' 401(k) Plan, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MASS MUTUAL LIFE INSURANCE CO., <br><br> Defendant. | Case No. 3:11-CV-30235-MAP <br><br> Hon. Michael A. Ponsor <br><br><br> **LEAVE TO FILE GRANTED BY ORDER DATED APRIL 24, 2013** |

## MASSMUTUAL'S NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to the Court's April 24, 2013 Order (Dkt. 96), Defendant MassMutual Life Insurance Company ("MassMutual"), submits this Notice of Supplemental Authority to bring to the Court's attention the Seventh Circuit's recently-issued opinion in a revenue sharing class-action captioned Leimkuehler v. The American United Life Insurance Company, No. 12-1081 (7th Cir. Apr. 16, 2013) ("Opinion").[1] As we indicated in our Motion to File Supplemental Authority (Dkt. 93), the Facts section of the opinion at pages 1-8, and the Fiduciary Duties section of the opinion, at pages 8-17, support the following arguments made in MassMutual's Opposition to Class Certification ("Opposition Brief"):

1. Revenue sharing is used by mutual funds to pay service providers for the performance of administrative functions that the mutual funds otherwise would perform (see Opposition Brief at pages 4-5; see Opinion at 4-5).

---

[1] A true and correct copy of the opinion is attached as Exhibit A to this motion.

2. Revenue sharing is used to offset costs that otherwise would be paid directly by the Plan and/or the Plan participants (see Opposition Brief at 6-7, 20-21, 24-25; see Opinion at 5).

3. The Department of Labor did not require the disclosure of revenue sharing until 2012 (see Opposition Brief at 6; see Opinion at 6).

4. Not offering all share classes of any given mutual fund does not make MassMutual a fiduciary (see Opposition Brief at 32-33; see Opinion at 9-12).

5. Maintaining separate accounts does not make MassMutual a fiduciary (see Opposition Brief at 31; see Opinion at 12-15).

6. Theoretical ability to add, delete or substitute mutual funds does not make MassMutual a fiduciary (see Opposition Brief at 31-32; see Opinion at 16-17).

Dated: April 24, 2013

Respectfully submitted,

MASSMUTUAL LIFE INSURANCE COMPANY

By: /s/ Mark B. Blocker
    One of its attorneys

Joel S. Feldman (*pro hac vice*)  
Email: jfeldman@sidley.com  
Mark B. Blocker (*pro hac vice*)  
Email: mblocker@sidley.com  
Christopher M. Assise (*pro hac vice*)  
Email: cassise@sidley.com  
Sidley Austin LLP  
One South Dearborn Street  
Chicago, IL 60603  
Phone: (312) 853-7000  
Fax: (312) 853-7036  

John P. Pucci, BBO #407560  
Email: jpucci@bulkley.com  
J. Lizette Richards, BBO #649413  
Email: lrichards@bulkley.com  
Bulkley, Richardson, and Gelinas, LLP  
1500 Main Street, Suite 2700  
P.O. Box 15507  
Springfield, MA 01115  
Phone: (413) 272-6290  
Fax: (413) 272-6804  

Bernadette Harrigan, BBO #635103  
Email: bharrigan@massmutual.com  
Massachusetts Mutual Life Insurance Co.  
Office of the General Counsel  
1295 State Street  
Springfield, MA 01111-0001  
Phone: (413) 788-8411  

Attorneys for MassMutual Life Insurance Co.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2013, a copy of MassMutual's Notice of Supplemental Authority was served on all parties of record via the Court's electronic filing system. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/  Mark B. Blocker
*One of the Attorneys for Defendant*
*Massachusetts Mutual Life Insurance Company*